Todd S. Aidman, *pro hac vice*, Florida Bar No. 173029
Marilyn G. Moran, *pro hac vice*, Florida Bar No. 0163813
**FORDHARRISON LLP**
300 South Orange Avenue, Suite 1300
Orlando, FL  32801
Telephone:  407-418-2300
Fax:  407-418-2327
Email:  taidman@fordharrison.com
       mmoran@fordharrison.com

Attorneys for Defendant
LOGISTICARE SOLUTIONS, LLC

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission, | Case No. 2:20-cv-00852-GMS |
| Plaintiff, | |
| v. | **DEFENDANT LOGISTICARE SOLUTIONS, LLC'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT ON THE ISSUE OF LACHES** |
| LogistiCare Solutions, LLC and Human Capital Management, Inc. d/b/a HCM Staffing, | |
| Defendants. | |

COMES NOW Defendant, LogistiCare Solutions, LLC ("LogistiCare), and submits this motion to dismiss or, in the alternative, motion for summary judgment on the issue of laches ("Motion"), pursuant to Rule 12(b)(6) and Rule 56(c) of the Federal Rules of Civil Procedure.

LogistiCare moves this Court to dismiss the Complaint on the grounds that it fails to state a claim upon which relief may be granted because the EEOC's suit is barred by the doctrine of laches.  Alternatively, LogistiCare moves this Court for judgment as a

matter of law because, based on the undisputed facts, the EEOC waited an unreasonable length of time to bring this action, and LogistiCare has suffered material prejudice as a result.

This Motion is supported by the Declaration of Laurel Emory (attached hereto as Attachment A), Tiffany Lewis's Charge of Discrimination (Charge No. 540-2014-00260) filed with the EEOC on October 31, 2013 and expressly incorporated by reference into the EEOC's complaint (attached hereto as Attachment B), and LogistiCare's Memorandum in Support of its Motion to Dismiss or, in the Alternative, Motion for Summary judgment (filed contemporaneously herewith and fully incorporated in this Motion).

WHEREFORE, Defendant LogistiCare Solutions, LLC respectfully asks the Court to dismiss this action in its entirety with prejudice and award LogistiCare its costs and attorneys' fees associated with bringing this Motion.

DATED this 6th day of July, 2020.

Respectfully submitted,

By: /s/ Marilyn G. Moran
    Marilyn G. Moran
    Todd S. Aidman
    Trial Attorneys

    FORDHARRISON LLP
    300 S. Orange Avenue, Suite 1300
    Orlando, FL  32801

    Attorneys for Defendant
    LogistiCare Solutions, LLC

## **LOCAL RULE 12.1(C) CERTIFICATION**

I HEREBY CERTIFY that before filing this Motion to Dismiss or, in the Alternative, Motion for Summary Judgment counsel for LogistiCare notified counsel for the EEOC of the issues asserted in this motion and met and conferred regarding them. The parties were unable to agree that the pleading was curable in any part by a permissible amendment offered by the pleading party.

/s/ Marilyn G. Moran
Marilyn G. Moran

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 6, 2020, I electronically filed the foregoing using the CM/ECF system, which will send a notice of electronic filing to:  Gina Erin Carrillo at Gina.Carrillo@eeoc.gov, James P. Driscol-MacEachron at James.Driscoll-Maceachron@eeoc.gov, Mary Joleen O'Neill at Mary.Oneill@eeoc.gov, Benjamin C. Price at Benjamin.Price@eeoc.gov, and Michael Morris Baskind at Michael.Baskind@eeoc.gov, Equal Employment Opportunity Commission – Phoenix, AZ, 3300 N. Central Avenue, Suite 690, Phoenix, AZ 85012-1848.

/s/ Marilyn G. Moran
Marilyn G. Moran

WSACTIVELLP:11602909.1

Todd S. Aidman, *pro hac vice*, Florida Bar No. 173029
Marilyn G. Moran, *pro hac vice*, Florida Bar No. 163813
**Ford & Harrison LLP**
300 South Orange Avenue, Suite 1300
Orlando, FL  32801
Telephone:  407-418-2300
Fax:  407-418-2327
Email:  taidman@fordharrison.com
          mmoran@fordharrison.com


Attorneys for Defendant
LOGISTICARE SOLUTIONS, LLC

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission,<br><br>             Plaintiff,<br><br>v.<br><br>LogistiCare Solutions, LLC and Human Capital Management, Inc. d/b/a HCM Staffing,<br><br>             Defendants. | Case No. 2:20-cv-00852-GMS<br><br>**<u>DECLARATION OF LAUREL EMORY</u>** |

I, Laurel Emory, am over the age of twenty-one (21) and give this Declaration of my own free will pursuant to 28 U.S. C. § 1746.  If called to testify as a witness, I am competent to testify and would testify as follows:

1.       I am employed by LogistiCare Solutions, LLC ("LogistiCare") as the Senior Vice President of Human Resources.  I have held this position since and have worked for LogistiCare since February 17, 2020.

**Attachment A**

2.    I have knowledge of the facts asserted in this Declaration by virtue of my position with the company and based upon my review of company records which are kept in the regular course of LogistiCare's business.

3.    I am aware that the EEOC filed a lawsuit against LogistiCare and Human Capital Management, Inc. ("HCM") on May 1, 2020, arising from a charge of pregnancy discrimination filed with the EEOC by Tiffany Lewis on October 31, 2013.

4.    After receiving notice of Ms. Lewis's charge, LogistiCare requested mediation, but the EEOC rejected the request without explanation. Consequently, LogistiCare submitted its Statement of Position in response to the charge on January 23, 2014.

5.    The EEOC issued a Request for Additional Information on July 22, 2014, seeking certain documents and the opportunity to interview Kimberly Vasquez, Quality Lead/Trainer in the Phoenix Call Center, Ryan Gauvin, former Training Supervisor in the Phoenix Call Center, and Mark Hanley, former Phoenix Call Center Manager.

6.    LogistiCare agreed to produce the requested documents, and the EEOC interviewed Mr. Gauvin and Mr. Hanley on August 14, 2014.

7.    In August of 2015, the EEOC notified LogistiCare that it was expanding its investigation into a nationwide investigation into alleged disability discrimination.  At the same time, the EEOC issued another Request for Information seeking personnel information of LogistiCare's employees nationwide.

8.    On May 22, 2019, the EEOC served LogistiCare with Subpoena No. PHX-19-10 seeking, among other documents, Mr. Hanley's emails and notes relating to Ms.

Lewis.  The subpoena did not request information pertaining to alleged disability discrimination.

9.    LogistiCare does not maintain personnel records on temporary employees assigned by HCM to LogistiCare's customer service training program once the assignment has ended, unless the temporary employee successfully completes the training program and is ultimately hired to work for LogistiCare.  Thus, LogistiCare largely relies on its managers and human resources personnel to provide information or evidence regarding their interactions and experiences with HCM's temporary employees who participated in but did not complete LogistiCare's customer service training program.

10.    Based upon my review of LogistiCare's records, multiple key managers and human resources personnel who were involved in the placement and/or termination of Tiffany Lewis's September 2013 training assignment at issue in the case, or who were involved in responding to Ms. Lewis's subsequent charge of discrimination in 2014, no longer work for LogistiCare.  In fact, some of these individuals have not been employed by LogistiCare for a number of years.

11.    For instance, Mark Hanley was the Call Center Manager of LogistiCare's Call Center in Phoenix during the 2013 to 2014 time frame.  His employment with LogistiCare ended more than six years ago on May 22, 2014.  LogistiCare has no reasonable way of determining Mr. Hanley's whereabouts more than six years after his employment ended.

12.    Samantha Garcia was the General Manager of LogistiCare's Phoenix Call Center during the 2013 to 2014 time frame.  Her employment with LogistiCare ended

over six years ago on March 24, 2014.  LogistiCare has no reasonable way of determining Ms. Garcia's whereabouts more than six years after her employment ended.

13.    Christine Armijo was the Call Center Manager at LogistiCare's Phoenix Call Center during the 2013 to 2014 time frame.  Her employment with LogistiCare ended over three years ago on March 18, 2017.  LogistiCare has no reasonable way of determining Ms. Armijo's whereabouts more than three years after her employment ended.

14.    Jenny Southern was the Vice President of Human Resources at LogistiCare's office in Atlanta during the 2013 to 2014 time frame.  Her employment with LogistiCare ended on May 22, 2020.

15.    Natasha Lindsay was the Regional Human Resources Manager at LogistiCare's Phoenix facility during the 2013 to 2014 time frame.  Her employment with LogistiCare ended on May 21, 2020.

16.    Ryan Gauvin is currently employed by LogistiCare as Regional Director Ops Training in San Diego, California.  Previously, when Mr. Gauvin worked as the Training Supervisor at LogistiCare's Phoenix facility, he was responsible for running the training class attended by Ms. Lewis, as described in the Complaint.  However, even assuming that nearly seven years ago Mr. Gauvin would have known about a temporary employee who only attended brief training, Mr. Gauvin no longer has a meaningful independent recollection of Ms. Lewis, or the circumstances that led to the termination of their training assignment in September 2013.

17.    In its Complaint, the EEOC alleges that there may be other individuals, in addition to Ms. Lewis (including Elizabeth Peralta who attended the same training class as Ms. Lewis), who may have been subjected to alleged discriminatory practices in or around the 2013 time frame.  At this point, in 2020, it is unlikely that the witnesses who were privy to such other individuals' experiences at LogistiCare would even be able to recall events that transpired nearly seven years ago, even if the witnesses were still employed by LogistiCare after all this time.

I swear under penalty of perjury that the foregoing is true and correct.


Executed on: July 6, 2020

By:  _____
LAUREL EMORY
Senior VP of Human Resources
LogistiCare Solutions, LLC

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 540-2014-00260 |

**Arizona Attorney General's Office, Civil Rights Division** ___ and EEOC

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Tiffany L. Lewis | (602) 488-7000 | 10-30-1985 |

| Street Address | City, State and ZIP Code |
|---|---|
| 6020 W. Oregon Ave., Apt E, Glendale, AZ 85301 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| LOGISTICARE SOLUTIONS, L.L.C. | 500 or More | (866) 418-9830 |

| Street Address | City, State and ZIP Code |
|---|---|
| 4832 E. McDowell Rd., Suite 100, Phoenix, AZ 85008 | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest ___ Latest **09-16-2013**

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I was hired by Respondent as a Customer Service Representative (CSR) on or about September 11, 2013 after being referred by HCM Staffing.

I trained for approximately one week when I received a call from George Ontiveros of HCM Staffing. George informed me that my assignment with Respondent was ending. I was effectively discharged from Respondent on September 16, 2013.

To my knowledge another pregnant female in my training class named Elizabeth (lnu) was let go as well. Both of us were being trained by Ryan Gauvin.

To my knowledge Rachel (lnu), another CSR was at a Respondent location different from where I worked and overheard female office personnel state that Ryan terminated Elizabeth and I because we were pregnant; they were reading what he entered into Respondents computer system.

To my knowledge Respondent has hired CSR's subsequent to my termination.

I believe I have been discriminated against due to my sex, pregnancy, in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| Oct 31, 2013 ___ _(signature)_ <br> Date ___ Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

**Attachment B**

EEOC FORM 131 (11/09)

## U.S. Equal Employment Opportunity Commission

| | PERSON FILING CHARGE |
|---|---|
| Director of Human Resources<br>LOGISTICARE<br>4832 E. McDowell Rd.<br>Suite 100<br>Phoenix, AZ 85008 | **Tiffany L. Lewis** |
| | THIS PERSON *(check one or both)*<br>☐ Claims To Be Aggrieved<br>☐ Is Filing on Behalf of Other(s) |
| | EEOC CHARGE NO.<br>**540-2014-00260** |

### NOTICE OF CHARGE OF DISCRIMINATION
*(See the enclosed for additional information)*

This is notice that a charge of employment discrimination has been filed against your organization under:

[X] Title VII of the Civil Rights Act (Title VII)   ☐ The Equal Pay Act (EPA)   ☐ The Americans with Disabilities Act (ADA)

☐ The Age Discrimination in Employment Act (ADEA)   ☐ The Genetic Information Nondiscrimination Act (GINA)

The boxes checked below apply to our handling of this charge:

1. ☐ No action is required by you at this time.

2. ☐ Please call the EEOC Representative listed below concerning the further handling of this charge.

3. [X] Please provide by **27-DEC-13** a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

4. ☐ Please respond fully by  to the enclosed request for information and send your response to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

5. ☐ EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources. If you would like to participate, please say so on the enclosed form and respond by
to
If you <u>DO NOT</u> wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

| **Michael  Jaimez,**<br>**Investigator** | **Phoenix District Office**<br>**3300 North Central Ave**<br>**Suite 690**<br>**Phoenix, AZ 85012**<br>Fax: (602) 640-5071 |
|---|---|
| *EEOC Representative* | |
| *Telephone*   **(602) 640-5070** | |

Enclosure(s): [X] Copy of Charge

CIRCUMSTANCES OF ALLEGED DISCRIMINATION

☐ Race   ☐ Color   [X] Sex   ☐ Religion   ☐ National Origin   ☐ Age   ☐ Disability   ☐ Retaliation   ☐ Genetic Information   ☐ Other

## See enclosed copy of charge of discrimination.

| Date<br><br>**November 12, 2013** | Name / Title of Authorized Official<br><br>**Rayford O. Irvin,**<br>**District Director** | Signature<br><br>*Rayford O. Irvin* |
|---|---|---|

(602)640-5000
TTY (602) 640-5072
FAX (602) 640-5071
1-800-669-4000

## SETTLEMENT INVITATION

EEOC is willing to engage in settlement discussions in an attempt to reach a voluntary resolution of this matter. If you are interested in seeking a settlement in this case please convey your interest to do so within five (5) days to the EEOC official named on EEOC Notice of Charge.

## NOTICE REGARDING JURISDICTION OF RESPONDENT
## UNDER TITLE VII, ADEA, THE ADA and GINA

In order for the EEOC to have jurisdiction over employers under Title VII of the Civil Rights Act of 1964, Title I of the Americans with Disabilities Act of 1990, and the Genetic Information Nondisclosure Act of 2008 the employer must have "...fifteen (15) or more employees... in each of twenty or more calendar weeks in the current or preceding calendar year..."

Jurisdiction under the Age Discrimination in Employment Act (ADEA) requires "...twenty (20) or more employees in each of twenty or more calendar weeks in a current or preceding calendar year..."

If you believe your company does not fall within these jurisdictional requirements as to the requisite number of employees, supply a signed statement that your company does not have the requisite number of employees. Also submit a list of your employees for the current and preceding calendar years. Such a list should include: 1) the name of each employee; 2) the date each employee was hired and 3) the date the employee was terminated (if applicable). Be advised that at a later date, the Commission will require verifications such as payroll records and/or other personnel records.

If your company is linked with another company, the employees of all companies are counted.

## NOTICE

Enclosed are the following documents: (1) a charge of employment discrimination and (2) a notice of charge of discrimination. If you have been asked to provide a statement of your position and/or a request for information, such information is being requested in order facilitate the Commission's investigation, not for settlement or conciliation purposes. Any subsequent disclosure and use of the information and documents provided pursuant to this request is governed by federal employment discrimination statutes, EEOC regulations, and, in the event the matter is subsequently litigated, then by the Federal Rules of Evidence.

Should you wish to discuss the possibility of settling this charge at this time, please contact the assigned Commission representative.

Sincerely,

Rayford O. Irvin
District Director

08/11 pnm



U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Phoenix District Office

3300 N. Central Avenue, Suite 690
Phoenix, AZ 85012-2504
(602)640-5000
TTY (602) 640-5072
FAX (602) 640-5071

## Effective Position Statements

### What should a position statement include?

At a minimum, it should include **specific, factual** responses to every allegation of the charge. The position statements should clearly explain the respondent's version of the facts and identify the specific documents and witnesses supporting the position. A well drafted position statement can help us accelerate the investigation and limit requests for additional information. Keep the following points in mind as you prepare the response to the charge:

- Address each alleged discriminatory act and your position regarding it and provide copies of documents supporting your position and/or version of the events.

- Provide a description of the company; include legal name and address, name, address, title and telephone number of the person responsible for responding to the charge, primary function of the business, and the number of employees. A staffing or organizational chart is also useful in helping to focus the investigation.

- Provide copies or descriptions of any applicable practices, policies or procedures.

- Identify any other individuals who have been similarly affected by these practices, policies or procedures; describe the circumstances in which the practices, policies, or procedures have been applied.

- Explain why individuals who were in a similar situation to the Charging Party were not similarly affected.

- Identify official(s) who made decisions or took action relating to the matter(s) raised in the charge.

- Be specific about date(s), action(s) and location(s) applicable to this case.

- Provide copies of internal investigations of the alleged incidents or grievance hearing reports.

- Inform EEOC if the matter has been resolved or can be resolved; if it can be resolved, please indicate your proposal for resolution.

An effective position statement is clear, concise, complete and responsive.

### How much time is normally allowed for preparation of a position statement?

Thirty days is normally allowed for responding to the charge. A brief extension of time may be allowed in particular cases where extensive interviews need to be conducted or documents reviewed, but only when it is clear that the employer is working in good faith to supply all of the necessary information.

## INFORMATION ON CHARGES OF DISCRIMINATION

### EEOC RULES AND REGULATIONS

Section 1601.15 of EEOC's regulations provides that persons or organizations charged with employment discrimination may submit a statement of position or evidence regarding the issues covered by this charge.

EEOC's recordkeeping and reporting requirements are found at Title 29, Code of Federal Regulations (29 CFR): 29 CFR Part 1602 (see particularly Sec. 1602.14 below) for Title VII and the ADA; 29 CFR Part 1620 for the EPA; and 29 CFR Part 1627, for the ADEA. These regulations generally require respondents to preserve payroll and personnel records relevant to a charge of discrimination until disposition of the charge or litigation relating to the charge. (For ADEA charges, this notice is the written requirement described in Part 1627, Sec. 1627.3(b)(3), .4(a)(2) or .5(c), for respondents to preserve records relevant to the charge -- the records to be retained, and for how long, are as described in Sec. 1602.14, as set out below). Parts 1602, 1620 and 1627 also prescribe record retention periods -- generally, three years for basic payroll records and one year for personnel records. Questions about retention periods and the types of records to be retained should be resolved by referring to the regulations.

**Section 1602.14  Preservation of records made or kept.**  .... Where a charge ... has been filed, or an action brought by the Commission or the Attorney General, against an employer under Title VII or the ADA, the respondent ... shall preserve all personnel records relevant to the charge or the action until final disposition of the charge or action. The term *personnel records relevant to the charge*, for example, would include personnel or employment records relating to the aggrieved person and to all other aggrieved employees holding positions similar to that held or sought by the aggrieved person and application forms or test papers completed by an unsuccessful applicant and by all other candidates or the same position as that for which the aggrieved person applied and was rejected. The date of *final disposition of the charge or the action* means the date of expiration of the statutory period within which the aggrieved person may bring [a lawsuit] or, where an action is brought against an employer either by the aggrieved person, the Commission, or the Attorney General, the date on which such litigation is terminated.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Section 704(a) of Title VII, Section 207(f) of GINA, Section 4(d) of the ADEA, and Section 503(a) of the ADA provide that it is an unlawful employment practice for an employer to discriminate against present or former employees or job applicants, for an employment agency to discriminate against any individual, or for a union to discriminate against its members or applicants for membership, because they have opposed any practice made an unlawful employment practice by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the statutes. The Equal Pay Act contains similar provisions. Additionally, Section 503(b) of the ADA prohibits coercion, intimidation, threats, or interference with anyone because they have exercised or enjoyed, or aided or encouraged others in their exercise or enjoyment, of rights under the Act.

Persons filing charges of discrimination are advised of these Non-Retaliation Requirements and are instructed to notify EEOC if any attempt at retaliation is made. Please note that the Civil Rights Act of 1991 provides substantial additional monetary provisions to remedy instances of retaliation or other discrimination, including, for example, to remedy the emotional harm caused by on-the-job harassment.

### NOTICE REGARDING REPRESENTATION BY ATTORNEYS

Although you do not have to be represented by an attorney while we handle this charge, you have a right, and may wish to retain an attorney to represent you. If you do retain an attorney, please give us your attorney's name, address and phone number, and ask your attorney to write us confirming such representation.

PERSON BY STATEMENT Privacy Act of 1974 Pub. Law 93-579 authority.

personal data and its uses are:

1.  FORM NUMBER/TITLE/DATE.  EEOC Form 5, Charge of Discrimination (5/01).

2.  AUTHORITY.  42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117.

3.  PRINCIPAL PURPOSES.  The purposes of a charge, taken on this form or otherwise reduced writing (whether later recorded on this form or not) are, as applicable under the EEOC a discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state local proceedings.

4.  ROUTINE USES.  This form is used to provide facts that may establish the existence of matte covered by the EEOC statutes (and as applicable, other federal, state or local laws). Informati given will be used by staff to guide its mediation and investigation efforts and, as applicable, determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to disclosed to other federal, state or local agencies as appropriate or necessary in carrying o EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organizatic against which the charge is made.

5.  WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.  Charges must b reduced to writing and should identify the charging and responding parties and the actions or policie complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charge under Title VII or the ADA must be sworn to or affirmed (either by using this form or by presenting notarized statement or unsworn declaration under penalty of perjury); charges under the ADE should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is no mandatory that this form be used to make a charge.

## NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Please notify EEOC or the state or local agency where you filed your charge if retaliation is taken against you or others who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, and Section 503(a) of the ADA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.