**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission,<br><br>Plaintiff,<br><br>v.<br><br>LogistiCare Solutions LLC, et al.,<br><br>Defendants. | No. CV-20-00852-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Defendant LogistiCare Solutions, LLC's ("LogistiCare") Motion to Dismiss, or in the alternative, Motion for Summary Judgment (Doc. 12.) For the following reasons, LogistiCare's Motion is denied.

## BACKGROUND

This case arises from Defendants LogistiCare's and Human Capital Management, Inc.'s ("Human Capital Management") alleged discrimination on the basis of pregnancy. LogistiCare conducts two-week training classes for its call center in Phoenix, Arizona. In 2013, Tiffany Lewis, the charging party in this case, and Elizabeth Peralta attended LogistiCare's two-week training class. Both Ms. Lewis and Ms. Peralta were released from the training class on September 16, 2013. Ms. Lewis filed charges of pregnancy discrimination with the Equal Employment Opportunity Commission ("EEOC") on October 31, 2013.

After completing its investigation, the EEOC brought suit on May 1, 2020 against Defendants LogistiCare and Human Capital Management for termination based on sex

(pregnancy) in violation of 42 U.S.C. § 2000e-2(a). (Doc. 1.) In its Complaint, the EEOC states it is bringing this suit to seek relief for Ms. Lewis and "other aggrieved individuals." *Id.* ¶ 106. Subsequently, LogistiCare moved for dismissal of the EEOC's Complaint, or in the alternative, for summary judgment on the grounds of laches.

## DISCUSSION

### I. Motion to Dismiss

#### a. Legal Standard

A party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When analyzing a complaint for failure to state a claim, "allegations of material fact are taken as true and construed in the light most favorable to the non-moving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). This inquiry is limited to allegations on the face of the complaint (including documents attached thereto), matters which are judicially noticeable, and documents that may be properly incorporated by reference. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

#### b. Analysis

A claim is barred by laches where (1) the plaintiff unreasonably delays in bringing suit and (2) the defendant is prejudiced by the delay. *Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 838 (9th Cir. 2002). Determining whether delay was unreasonable and whether prejudice ensued necessarily demands "a close evaluation of all the particular facts in a case." *Kling v. Hallmark Cards Inc.*, 225 F.3d 1030, 1041 (9th Cir. 2000). Therefore, claims are not easily disposed of at the motion to dismiss stage based on a defense of laches. *See, e.g.*, *Kourtis v. Cameron*, 419 F.3d 989, 1000 (9th Cir. 2005) (overruled on other grounds by *Taylor v. Sturgell*, 553 U.S. 880 (2008)) (finding that a laches defense was premature at the motion to dismiss phase because of the difficulty of establishing the defense based exclusively upon the factual allegations set forth in the complaint).

It is not possible to determine whether the elements of laches are met from the

Complaint. Contrary to LogistiCare's argument, a lengthy span of time, alone, is not enough to prove unreasonable delay. *See, e.g.*, *EEOC v. Liberty Loan Corp.*, 584 F.2d 853, 857 (8th Cir. 1978) ("We are unwilling to rule that any set length of delay is per se unreasonable, but rather look to the facts of each case to determine reasonableness."); *EEOC v. Timeless Invs., Inc.*, 734 F. Supp. 2d 1035, 1068 (E.D. Cal. 2010). As the Complaint does not provide insight on why the delay occurred, LogistiCare's Motion to Dismiss is denied.

## II. Motion for Summary Judgment

### a. Legal Standard

The purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Only disputes over facts that might affect the outcome of the suit will preclude the entry of summary judgment, and the disputed evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. Parties opposing summary judgment are required to "cit[e] to particular parts of materials in the record" establishing a genuine dispute or "show[ ] that the materials cited do not establish the absence . . . of a genuine dispute." Fed. R. Civ. P. 56(c)(1). A district court has no independent duty "to scour the record in search of a genuine issue of triable fact[.]" *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996).

### b. Analysis

As it is dispositive of LogistiCare's Motion for Summary Judgment, the Court

addresses only whether LogistiCare has shown prejudice under the laches standard. Prejudice is "the essential element of laches." *Sandvik v. Alaska Packers Ass'n*, 609 F.2d 969, 972 (9th Cir. 1979). "A lengthy delay, even if unexcused, that does not result in prejudice does not support a laches defense." *Grand Canyon Tr. v. Tucson Elec. Power Co.*, 391 F.3d 979, 988 (9th Cir. 2004).[1] Although "the longer the plaintiff delays in filing [their] claim, the less prejudice the defendant must show," there still must be a showing of prejudice that is "material, meaning it affects the substantial rights of the defendant to such a degree that it justifies the equitable relief of barring the plaintiff's claims." *Smith v. Caterpillar, Inc.*, 338 F.3d 730, 734 (7th Cir. 2003). Prejudice can include unavailability of witnesses, changed personnel, and the loss of pertinent records. *See, e.g.*, *EEOC v. Massey-Ferguson, Inc.*, 622 F.2d 271, 278 (7th Cir. 1980); *Liberty Loan Corp.*, 584 F.2d at 858. Assertions of prejudice cannot be "conclusory" and must be supported by evidence establishing specific prejudicial losses that occurred during the period of delay. *Sandvik*, 609 F.2d at 972–73. "Because the application of laches depends on a close evaluation of all the particular facts in a case, it is seldom susceptible of resolution by summary judgment." *Couveau v. Am. Airlines, Inc.*, 218 F.3d 1078, 1083 (9th Cir. 2000).

Here, even if the EEOC's delay in filing suit was unreasonable, genuine issues of material fact exist regarding whether LogistiCare was prejudiced by any such delay. LogistiCare lists several potential witnesses it is concerned about in regard to availability and loss of memory.[2]

    **1. Mark Hanley.** In its Complaint, the EEOC alleges that Mark Hanley, a former call center manager for LogistiCare, gave orders to release Ms.

---

[1] Citing *Boone v. Mech. Specialties Co.*, 609 F.2d 956 (9th Cir. 1979), LogistiCare argues that a long delay in bringing suit raises a presumption of prejudice. (Doc. 13 at 11.) In *Bratton v. Bethlehem Steel Corp.*, the Ninth Circuit clarified that their statement in *Boone* that delay creates a rebuttable presumption of prejudice was dictum. 649 F.2d 658, 667 n.8 (9th Cir. 1980). The court explained that "prejudice should not lightly be presumed from delay in Title VII cases." *Id.*

[2] The EEOC argues the Court should deny LogistiCare's Motion for Summary Judgment outright because the Motion does not comply with Local Rule of Civil Procedure 56.1(a). (Doc. 14 at 2.) As the Court denies LogistiCare's Motion for Summary Judgment, the Court need not address whether the Motion should be dismissed on procedural grounds.

Lewis and Ms. Peralta because they were pregnant. (Doc. 1 ¶¶ 55, 81.) In a declaration, Laurel Emory, the Senior Vice President of Human Resources for LogistiCare, states there is "no reasonable way" to determine Mr. Hanley's whereabouts because he left LogistiCare in May 2014. (Doc. 12 ¶ 11.)

2. **Christine Armijo.** According to Ms. Emory's declaration, Christine Armijo was a call center manager for LogistiCare in Phoenix during the time that Ms. Lewis and Ms. Peralta attended the training class. Ms. Emory declares there is no reasonable way to contact Ms. Armijo because she left LogistiCare in March 2017. *Id.* ¶ 13.

3. **Samantha Garcia.** Ms. Emory declares that Samantha Garcia was the general manager of LogistiCare's Phoenix call center at the time of the alleged incident and that there is no reasonable way to contact Ms. Garcia because she left LogistiCare in March 2014. *Id.* ¶ 12. In a declaration, Jeremy Yubeta, the EEOC Enforcement Supervisor that oversaw the investigation of Ms. Lewis's charges of discrimination, states that LogistiCare provided Ms. Garcia's contact information on July 22, 2019, which the EEOC used to conduct an interview with Ms. Garcia on July 29, 2019. (Doc. 15-1 ¶¶ 36-38.)

4. **Jenny Southern.** Ms. Emory declares that Jenny Southern, former Vice President of Human Resources at LogistiCare's office in Atlanta during the time of the alleged incident, left LogistiCare on May 22, 2020. (Doc. 12 ¶ 14.)

5. **Natasha Lindsay.** Ms. Emory declares that Natasha Lindsay, former Regional Human Resources Manager in Phoenix during the alleged incident, left Logisticare on May 21, 2020. *Id.* ¶ 15.

6. **Ryan Gauvin.** In its Complaint, the EEOC alleges that Ryan Gauvin, a training supervisor for the Phoenix call center at the time of the alleged

        incident, ran the training class that Ms. Lewis and Ms. Peralta attended and stated that he had direct orders to release the two women because of their pregnancies. (Doc. 1 ¶¶ 54, 79.) In her declaration, Ms. Emory states that Mr. Gauvin is still employed by LogistiCare and that "Mr. Gauvin no longer has a meaningful independent recollection of Ms. Lewis [ ] or the circumstances that led to the termination of their training assignment in September 2013." (Doc. 12 ¶ 16.)

    It is not clear from the record that LogistiCare is prejudiced because of the delay. "The mere fact that [witnesses] are no longer with [a] company or in the immediate area is not sufficient" to show prejudice. *Sandvik*, 609 F.2d at 973. LogistiCare must show that the witnesses are unavailable and that their unavailability is a result of the EEOC's delay. *See EEOC v. Great Atl. & Pac. Tea Co.*, 735 F.2d 69, 84 (3d Cir. 1984). LogistiCare has not explained why there is "no reasonable way" to contact its former employees. For instance, LogistiCare has not shown it has taken simple steps to contact the former employees, such as by using their contact information from when they were employed. The fact that the EEOC quickly contacted Ms. Garcia, with LogistiCare's help, in 2019 factors against LogistiCare's blanket assertion that it will be unreasonable to contact the former employees. It is also entirely speculative at this point whether the former employees are outside this Court's jurisdiction.

    LogistiCare has also not shown prejudice based on loss of memory because LogistiCare cannot rely on general statements that memories have lapsed. *See, e.g.*, *Montgomery v. Kitsap Cnty.*, No. C05-5225KLS, 2006 WL 1785846, at *4 (W.D. Wash. June 23, 2006) *aff'd*, 297 Fed. App'x. 613 (9th Cir. 2008) ("Although defendant makes a general statement that necessary witnesses have retired or left its employ and that memories have faded, no specific evidence has been provided to show that this is the case or exactly how such would result in prejudice."). Other than the conclusory statement that memories fade over time, LogistiCare has not yet provided evidence that the potential witnesses have forgotten the alleged incident. Ms. Emory's declaration that Mr. Gauvin no longer

remembers Ms. Lewis is insufficient because Mr. Gauvin has not declared this himself.[3]

Although increased back pay is one factor showing prejudice, *see, e.g.*, *EEOC v. Alioto Fish Co.*, 623 F.2d 86, 89 (9th Cir. 1980), back pay is not enough to show prejudice on its own as this Court has the power to take the EEOC's delay into account when crafting a remedy, *see Boone*, 609 F.2d at 959 n.1 (quoting *Occidental Life Ins. Co. of Cal. v. EEOC*, 432 U.S. 355, 373 (1977)) ("This Court has said that when a Title VII defendant is in fact prejudiced by a private plaintiff's unexcused conduct of a particular case, the trial court may restrict or even deny backpay relief."); *EEOC v. Jetstream Ground Servs., Inc.*, 134 F. Supp. 3d 1298, 1333 (D. Colo. 2015) (reasoning that increased back pay is not enough to show prejudice on its own because back pay is an equitable remedy and subject to mitigation). Accordingly, LogistiCare's Motion for Summary Judgment is denied.

## CONCLUSION

LogistiCare's Motion to Dismiss is denied as the Complaint does not provide sufficient information to determine whether the elements of laches are met. And, LogistiCare's Motion for Summary Judgment is denied as there is a genuine dispute of material fact over whether LogistiCare is prejudiced by the EEOC's delay in filing this suit. Accordingly,

**IT IS THEREFORE ORDERED** that Defendant LogistiCare's Motion to Dismiss, or in the alternative, Motion for Summary Judgment (Doc. 12) is **DENIED.**

Dated this 18th day of November, 2020.

_G. Murray Snow_
G. Murray Snow
Chief United States District Judge

---

[3] LogistiCare also expresses concern about the EEOC's allegation that there may be other individuals, besides Ms. Lewis and Ms. Peralta, that were subjected to the alleged discrimination. In her declaration, Ms. Emory states that "it is unlikely that the witnesses who were privy to such other individuals' experiences at LogistiCare would even be able to recall events that transpired nearly seven years ago, even if the witnesses were still employed by LogistiCare after all this time." (Doc. 12 ¶ 17.) As it is unclear, at this point, whether the EEOC will identify other individuals or whether potential witnesses will remember the events, LogistiCare has not yet shown prejudice.