L. Eric Dowell, SBN 011458
Andrew B. Levin, SBN 035762
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.,
Esplanade Center III, Suite 800
2415 East Camelback Road
Phoenix, AZ  85016
Telephone:  602-778-3700
Fax:  602-778-3750
eric.dowell@ogletree.com
andrew.levin@ogletree.com

*Attorneys for Defendant LogistiCare Solutions, LLC*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission,<br><br>    Plaintiff,<br><br>    v.<br><br>LogistiCare Solutions, LLC and Human Capital Management, Inc. d/b/a HCM Staffing,<br><br>    Defendant. | Case No.  2:20-cv-00852-GMS<br><br>**DEFENDANT LOGISTICARE SOLUTIONS, LLC'S FIRST AMENDED ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT** |

Defendant LogistiCare Solutions, LLC ("LogistiCare" or "Defendant"), by and through its undersigned counsel, hereby submits its Answer and Defenses to the Complaint (the "Complaint") filed by the Equal Employment Opportunity Commission ("Plaintiff").

With respect to the unnumbered paragraph following the "Nature of the Action" heading, admitted only that Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), the Pregnancy Discrimination Act of 1978 ("PDA"), and Title I of the Civil Rights Act of 1991 ("Title I"). Specifically denied, however, that Defendant engaged in any unlawful conduct, that Tiffany Lewis ("Lewis") or any other individual suffered any injury because of such conduct, or that Lewis or any other individual is entitled to any relief whatsoever.

Further responding to the specifically numbered paragraphs of Plaintiff's

Complaint, and using the same numbered paragraphs and headings that appear therein, Defendant states as follows:

## JURISDICTION AND VENUE

1. Admitted for jurisdictional purposes only.

2. Admitted for jurisdictional purposes only.

3. Admitted that the allegations contained in Plaintiff's Complaint allegedly occurred within Arizona which is in this judicial district. Specifically denied, however, that Defendant engaged in any unlawful conduct, that Lewis or any other individual suffered any injury because of such conduct, or that Lewis or any other individual is entitled to any relief whatsoever.

## PARTIES

4. Admitted that Plaintiff is an agency of the United States of America tasked with the administration, interpretation, and enforcement of Title VII and the PDA, and that, upon satisfaction of the statutory conditions precedent, Plaintiff is authorized to bring actions such as this. Specifically denied, however, that Plaintiff has satisfied all such conditions precedent, or that any unlawful employment practices occurred which would form a basis for this action.

5. Admitted that Defendant is a limited liability company, and that Defendant does have occasion to do business in Arizona. Defendant is without knowledge as to the meaning of "all relevant times" and, thus, the remaining allegations in Paragraph 5 of the Complaint are denied.

6. Admitted that Defendant employs more than 15 persons. Defendant is without knowledge as to the meaning of "all relevant times" and, thus, the remaining allegations in Paragraph 6 of the Complaint are denied.

7. Admitted that Defendant is subject to the requirements of Title VII. Defendant is without knowledge as to the meaning of "all relevant times" and, thus, the remaining allegations in Paragraph 7 of the Complaint are denied.

8. Defendant is without knowledge as to Defendant Human Capital Management, LLC d/b/a HCM Staffing's ("HCM") corporate status, the applicability of Title VII to HCM's business, the geographic location(s) in which HCM operates, or the meaning of "all relevant times" and, thus, the allegations in Paragraph 8 of the Complaint are denied.

9. Defendant is without knowledge as to how many persons are employed by HCM, or the meaning of "all relevant times" and, thus, the allegations in Paragraph 9 of the Complaint are denied.

10. Defendant is without knowledge as to whether HCM is subject to the requirements of Title VII, or the meaning of "all relevant times" and, thus, the allegations in Paragraph 10 of the Complaint are denied.

11. Denied.

12. Admitted that Defendant controlled some terms and conditions of employment for individuals referred to Defendant by HCM, and that HCM controlled other terms and conditions of employment for temporary employees. Defendant is without knowledge as to the meaning of "all relevant times" and, thus, the remaining allegations in Paragraph 12 of the Complaint are denied. Defendant responds to subparagraphs (a) through (m) as follows:

    a. Admitted.

    b. Admitted.

    c. Admitted that Defendant had control over determining the qualifications for its Customer Service Representatives, otherwise denied.

    d. Admitted.

    e. Defendant is without knowledge as to the meaning of "instrumentalities and tools" and, thus, the allegations in Paragraph 12(e) are denied.

    f. Admitted that Defendant had supervisors present to oversee training.

3

|   |   |
|---|---|
|   | Defendant is without knowledge as to the job titles of HCM employees, and, thus, the remaining allegations in Paragraph 12(f) are denied. |
| g. | Admitted that Defendant trained new employees in training classes. Defendant is without knowledge as to the job titles of HCM employees, and, thus, the remaining allegations in Paragraph 12(g) are denied. |
| h. | Admitted. |
| i. | Admitted. |
| j. | Admitted. |
| k. | Admitted. |
| l. | Admitted that individuals employed by Defendant on a temporary basis were required to notify Defendant of any potential absences prior to their shift. Defendant is without knowledge as to whether HCM required temporary employees to notify HCM of any potential absences prior to their shift, and, thus, the remaining allegations in Paragraph 12(l) are denied. |
| m. | Admitted. |

13. Denied.

## ADMINISTRATIVE PROCEDURES

14. Admitted that more than thirty days prior to the institution of this lawsuit, Lewis filed a charge of discrimination and an amended charge of discrimination against Defendant. Defendant is without knowledge as to whether Lewis filed any charge(s) of discrimination against HCM and, thus, the remaining allegations in Paragraph 14 of the Complaint are denied.

15. Admitted that Plaintiff provided Defendant with notices of Lewis' charge(s) of discrimination. Defendant is without knowledge as to whether Lewis filed charge(s) of discrimination against HCM, or whether Plaintiff provided notices of any alleged charge(s)

4

of discrimination to HCM and, thus, the remaining allegations in Paragraph 15 of the Complaint are denied.

16. Admitted that on August 26, 2019, Plaintiff issued a "Determination" letter to Defendant indicating Plaintiff had reasonable cause to believe Defendant violated Title VII, and inviting Defendant to engage in conciliation. Specifically denied, however, that any unlawful practices occurred, that Plaintiff had any basis for its belief that Defendant violated Title VII, or that Plaintiff attempted to "endeavor to eliminate the unlawful employment practices and provide appropriate relief." Defendant is without knowledge as to whether Plaintiff issued any "Letters of Determination" to HCM and, thus, the remaining allegations in Paragraph 16 of the Complaint are denied.

17. Admitted that Plaintiff provided Defendant with terms which it purported would serve to remedy any alleged discriminatory practices identified in the "Determination" letter provided to Defendant. Denied, however, that Plaintiff's terms were reasonable, or that the unreasonable terms provided Defendant with any legitimate opportunity to remedy any alleged discriminatory practices. Defendant is without knowledge as to whether Plaintiff provided HCM with any similar opportunity and, thus, the remaining allegations in Paragraph 17 of the Complaint are denied.

18. Admitted that Plaintiff and Defendant were unable to reach a conciliation agreement. Defendant is without knowledge as to whether Plaintiff reached any agreement with HCM, or the acceptability of any such agreement and, thus, the remaining allegations in Paragraph 18 of the Complaint are denied.

19. Admitted only that Plaintiff provided Defendant with notice that it deemed conciliation efforts to have failed between Plaintiff and Defendant. The remaining allegations in Paragraph 19 of the Complaint are denied.

20. Denied.

## STATEMENT OF CLAIMS

21. Denied that Defendant engaged in any unlawful employment practices whatsoever, including in the termination of Lewis' employment. Defendant is without

knowledge as to HCM's specific employment practices, or the meaning of "other aggrieved individuals" and, thus, the remaining allegations in Paragraph 21 of the Complaint are denied.

22. Admitted that HCM referred individuals to Defendant to serve as temporary employees. Defendant is without knowledge as to HCM's business operations and, thus, the remaining allegations in Paragraph 22 of the Complaint are denied.

23. Defendant is without knowledge as to HCM hiring practices or the basis for those practices and, thus, the allegations in Paragraph 23 of the Complaint are denied.

24. Defendant is without knowledge as to HCM's interview process or the process utilized by HCM for referring employees and, thus, the allegations in Paragraph 24 of the Complaint are denied.

25. Admitted that at times individuals were hired by HCM and referred to perform work for Defendant as temporary employees. Defendant is without knowledge as to the employment relationship between HCM and other individuals not referred to perform work for Defendant and, thus, the remaining allegations in Paragraph 25 of the Complaint are denied.

26. Admitted only that Defendant previously maintained a business relationship with HCM. Defendant is without knowledge as to the meaning of "the relevant time period" and, thus, the remaining allegations in Paragraph 26 of the Complaint are denied.

27. Admitted.

28. Admitted.

29. Admitted that HCM previously referred individuals to serve as temporary employees of Defendant in the position of Customer Service Representative. Defendant is without knowledge as to the meaning of "the relevant time period" and, thus, the remaining allegations in Paragraph 29 of the Complaint are denied.

30. Admitted that Defendant previously provided a two-week training class for temporary employees. Defendant is without knowledge as to the meaning of "the relevant

6

time period" and, thus, the remaining allegations in Paragraph 30 of the Complaint are denied.

31. Denied that Defendant interviewed individuals referred by HCM prior to the individual beginning his or her training with Defendant. Defendant is without knowledge as to the meaning of "the relevant time period" and, thus, the remaining allegations in Paragraph 31 of the Complaint are denied.

32. Denied.

33. Denied.

34. Denied that Defendant engaged in any discriminatory acts. Defendant is without knowledge as to what HCM "knew," or what actions HCM did or did not take and, thus, the remaining allegations in Paragraph 34 of the Complaint are denied.

35. Denied that Defendant removed female employees because of their sex (pregnancy). Defendant is without knowledge as to how HCM made employment decisions and, thus, the remaining allegations in Paragraph 35 are denied.

36. Defendant is without knowledge as to the specific date upon which Lewis applied to HCM and, thus, the allegations in Paragraph 36 of the Complaint are denied.

37. Admitted.

38. Admitted.

39. Defendant is without knowledge as to whether HCM interviewed Lewis for the position of Customer Service Representative, and, thus, the allegations in Paragraph 39 are denied.

40. Admitted.

41. Admitted.

42. Admitted.

43. Admitted.

44. Admitted that Defendant's employees knew Lewis was pregnant. Defendant is without knowledge as to whether HCM's employees knew Lewis was pregnant, and, thus, the remaining allegations in Paragraph 44 are denied.

7

45. Defendant is without knowledge as to the specific date upon which Elizabeth Peralta ("Peralta) applied to HCM and, thus, the allegations in Paragraph 45 of the Complaint are denied.

46. Admitted.

47. Admitted.

48. Defendant is without knowledge as to whether HCM interviewed Peralta for the position of Customer Service Representative, and, thus, the allegations in Paragraph 48 are denied.

49. Admitted.

50. Admitted.

51. Admitted.

52. Admitted.

53. Admitted that Defendant's employees knew Peralta was pregnant. Defendant is without knowledge as to whether HCM's employees knew Peralta was pregnant, and, thus, the remaining allegations in Paragraph 53 are denied.

54. Admitted that Ryan Gauvin ran the training class that Lewis and Peralta attended. Defendant is without knowledge as to attendance of Kimberly Vasquez ("Vasquez) at the training class, and, thus, the remaining allegations in Paragraph 54 are denied.

55. Admitted

56. Admitted that Lydia Marcilones ("Marcilones") attended training classes periodically, but Defendant is without knowledge as to whether Marcilones was onsite for the training class attended by Lewis and Peralta, and, thus, the remaining allegations in Paragraph 56 are denied.

57. Admitted

58. Admitted.

59. Defendant is without knowledge as to the timing related to Lewis' pregnancy and, thus, the allegations in Paragraph 59 of the Complaint are denied.

8

60. Defendant is without knowledge as to the timing related to Peralta's pregnancy and, thus, the allegations in Paragraph 60 of the Complaint are denied.

61. Defendant is without knowledge as to Peralta's conversations with Vasquez regarding her pregnancy and, thus, the allegations in Paragraph 61 are denied.

62. Admitted.

63. Defendant is without knowledge as to whether Lewis received a phone call from HCM recruiter Jorge Ontiveros ("Ontiveros") or the specific date of any such phone call and, thus, the allegations in Paragraph 63 of the Complaint are denied.

64. Defendant is without knowledge as to the specifics of any conversation between Lewis and Ontiveros and, thus, the allegations in Paragraph 64 of the Complaint are denied.

65. Defendant is without knowledge as to whether Lewis ever called Ontiveros, the specific date of any such call, or the basis for any such call and, thus, the allegations in Paragraph 65 of the Complaint are denied.

66. Defendant is without knowledge as to the specifics of any conversation between Lewis and Ontiveros and, thus, the remaining allegations in Paragraph 66 of the Complaint are denied.

67. Defendant is without knowledge as to the specifics of any conversation between Lewis and Ontiveros and, thus, the remaining allegations in Paragraph 67 of the Complaint are denied.

68. Defendant is without knowledge as to whether Lewis ever e-mailed Ontiveros or the specific date of any such e-mail and, thus, the allegations in Paragraph 68 of the Complaint are denied.

69. Defendant is without knowledge as to whether Ontiveros ever e-mailed Lewis, the specific date of any such e-mail, or the specific content of any such e-mail and, thus, the allegations in Paragraph 69 of the Complaint are denied.

70. Admitted that following Lewis' termination as a temporary employee, Defendant did not further clarify the basis for Lewis' termination with her. Defendant is

1 without knowledge as to whether HCM provided any clarification to Lewis as to the reason
2 for her termination and, thus, the remaining allegations in Paragraph 70 of the Complaint
3 are denied.

4     71.    Denied that Defendant terminated Lewis or Peralta because of their
5 pregnancies. Defendant is without knowledge as to what an unnamed employee of
6 Defendant may or may not have told Lewis about what another unnamed employee heard
7 or saw and, thus, the remaining allegations in Paragraph 71 of the Complaint are denied.

8     72.    Defendant is without knowledge as to what Lewis does or does not believe
9 and, thus, the allegations in Paragraph 72 of the Complaint are denied.

10     73.    Admitted that Peralta was informed that she would no longer be working for
11 Defendant. Defendant is without knowledge as to the specifics of any conversation between
12 Peralta and any unidentified HCM employee and, thus, the remaining allegations in
13 Paragraph 73 of the Complaint are denied.

14     74.    Defendant is without knowledge as to what Peralta "believed" was the basis
15 for her termination, or the specifics of any conversation between Peralta and any
16 unidentified HCM employee and, thus, the allegations in Paragraph 74 of the Complaint
17 are denied.

18     75.    Defendant is without knowledge as to what Peralta "believed" was the basis
19 for her termination, or the specifics of any conversation between Peralta and Ontiveros and,
20 thus, the allegations in Paragraph 75 of the Complaint are denied.

21     76.    Admitted that following Peralta's termination as a temporary employee,
22 Defendant did not further clarify the basis for Peralta's termination with her. Defendant is
23 without knowledge as to whether HCM provided any clarification to Peralta as to the
24 reason for her termination and, thus, the remaining allegations in Paragraph 76 of the
25 Complaint are denied.

26     77.    Admitted.

27     78.    Defendant is without knowledge as to what Gauvin and Marcilones
28 discussed, and, thus, the allegations in Paragraph 78 are denied.

10

79. Defendant is without knowledge as to what Gauvin and Marcilones discussed, and, thus, the allegations in Paragraph 79 are denied.

80. Defendant is without knowledge as to a meeting between Marcilones and Mark Hanley ("Hanley"), and, thus, the allegations in Paragraph 80 are denied.

81. Denied that Defendant's Human Resources department ordered that Lewis and Peralta be terminated because they were pregnant. Defendant is without knowledge as to the specifics of any conversation between Marcilones and Hanley and, thus, the remaining allegations in Paragraph 81 of the Complaint are denied.

82. Defendant is without knowledge as to what actions HCM did or did not take, or the meaning of "appropriate corrective action" and, thus, the allegations in Paragraph 82 of the Complaint are denied.

83. Denied that Defendant's Human Resources department ordered that Lewis and Peralta be terminated because they were pregnant.

84. Defendant is without knowledge as to what actions HCM's Area Manager Sean Kosla did or did not take, or the meaning of "appropriate corrective action" and, thus, the allegations in Paragraph 84 of the Complaint are denied.

85. Denied that Defendant's decision to terminate Lewis and Peralta as temporary employees was discriminatory, or that Defendant engaged in any unlawful conduct whatsoever. Defendant is without knowledge as to what HCM may or may not have "insisted" on and, thus, the remaining allegations in Paragraph 85 of the Complaint are denied.

86. Denied that Defendant's decision to terminate Lewis and Peralta as temporary employees was discriminatory, or that Defendant engaged in any unlawful conduct whatsoever. Defendant is without knowledge as to what actions HCM did or did not take and, thus, the remaining allegations in Paragraph 86 of the Complaint are denied.

87. Denied that Defendant discriminated against Lewis and/or Peralta in any way. Defendant is without knowledge as to what HCM did or did not affirm to Lewis or

1 Peralta following their release from temporary employment with Defendant and, thus, the
2 remaining allegations in Paragraph 87 of the Complaint are denied.

3     88.    Admitted.

4     89.    Admitted.

5     90.    Admitted.

6     91.    Denied that Defendant replaced Lewis and Peralta with non-pregnant
7 employees. Defendant is without knowledge as to HCM's actions and, thus, the remaining
8 allegations in Paragraph 91 are denied.

## STATEMENT OF CLAIMS

### Count I:
### Alleged Termination Based on Sex (Pregnancy)
### 42 U.S.C. § 2000e-2(a)

13     92.    Defendant re-asserts and incorporates its responses to Paragraphs 1-91
14 above.

15     93.    Denied.

16     94.    Admitted only that Lewis was a temporary employee of Defendant, and
17 Lewis' position was Customer Service Representative. Defendant is without knowledge as
18 to the meaning of "all relevant times," or "other aggrieved individuals" and, thus, the
19 remaining allegations in Paragraph 94 of the Complaint are denied.

20     95.    Admitted that while Lewis was a temporary employee of Defendant in the
21 role of Customer Service Representative, she appeared to be pregnant. Defendant is
22 without knowledge as to the meaning of "all relevant times," or "other aggrieved
23 individuals" and, thus, the remaining allegations in Paragraph 95 of the Complaint are
24 denied.

25     96.    Denied that Lewis was qualified to perform the duties of a Customer Service
26 Representative for Defendant. Defendant is without knowledge as to the meaning of "all
27 relevant times," or "other aggrieved individuals" and, thus, the remaining allegations in
28 Paragraph 96 of the Complaint are denied.

97. Denied that Defendant terminated Lewis or any other temporary or permanent employee because they were pregnant. Defendant is without knowledge as to the meaning of "other aggrieved individuals" and, thus, the remaining allegations in Paragraph 97 of the Complaint are denied.

98. Admitted that Defendant has hired Customer Services Representatives following Lewis' termination. Defendant is without knowledge as to the meaning of "other aggrieved individuals" and, thus, the remaining allegations in Paragraph 98 of the Complaint are denied.

99. Admitted only that HCM employed Lewis. Defendant is without knowledge as to HCM's employment roster, or the meaning of "all relevant times," or "other aggrieved individuals" and, thus, the remaining allegations in Paragraph 99 of the Complaint are denied.

100. Admitted only that Lewis appeared to be pregnant at the time she was employed by HCM and was a temporary employee of Defendant. Defendant is without knowledge as to the meaning of "all relevant times," or "other aggrieved individuals" and, thus, the remaining allegations in Paragraph 100 of the Complaint are denied.

101. Denied that Lewis was qualified to perform the duties of a Customer Service Representative for Defendant. Defendant is without knowledge as to the meaning of "all relevant times," or "other aggrieved individuals" and, thus, the remaining allegations in Paragraph 101 of the Complaint are denied.

102. Denied that Defendant terminated Lewis or any other temporary or permanent employee because they were pregnant. Defendant is without knowledge as to what HCM "knew," or the meaning of "other aggrieved individuals" and, thus, the remaining allegations in Paragraph 102 of the Complaint are denied.

103. Denied that Defendant terminated Lewis or any other temporary or permanent employee because they were pregnant. Defendant is without knowledge as to what corrective action, if any, was taken by HCM or for what reason such action was taken and, thus, the remaining allegations in Paragraph 103 of the Complaint are denied.

104. Denied.

105. Denied.

106. Denied.

## GENERAL DENIAL

Defendant denies all allegations and inferences of the Complaint that are not expressly admitted in this Answer, denies acting unlawfully, denies that Lewis or any other individual suffered any injury because of such conduct, and denies that Lewis or any other individual is entitled to any relief whatsoever, as alleged in the Complaint or at all.

## PRAYER FOR RELIEF

Wherefore, Defendant denies that Plaintiff is entitled to any of the relief requested in the unnumbered "Wherefore" clause following Paragraph 106, including subparts (A) through (N), and respectfully requests that the Court dismiss the Complaint in its entirety and enter judgment in its favor and against Plaintiff.

## AFFIRMATIVE AND OTHER DEFENSES

In further answer to Plaintiff's Complaint, Defendant asserts the following affirmative and other defenses:

### FIRST DEFENSE

Plaintiff's Complaint should be dismissed to the extent it fails to state a claim against Defendant upon which relief can be granted.

### SECOND DEFENSE

Lewis and/or Peralta were not employed by Defendant but, instead, was an employee of HCM on assignment, and no joint employment relationship exists.

### THIRD DEFENSE

Defendant's decisions concerning Lewis and/or Peralta's employment and their cessation from employment were made in good faith and based upon legitimate, non-discriminatory factors, which were unrelated to Lewis and Peralta's sex, pregnancy, or any

14

other protected basis.

## FOURTH DEFENSE

Even assuming Defendant's actions concerning Lewis and/or Peralta's employment and her cessation from employment were partially influenced by some unlawful motive, though they were not, Defendant would have taken the same employment action with respect to Lewis and/or Peralta even in the absence of such unlawful motive.

## FIFTH DEFENSE

To the extent Defendant discovers during the course of this action that Lewis and/or Peralta engaged in any conduct which would warrant discharge under Defendant's policies, Plaintiff's right to recover damages on behalf of Lewis and/or Peralta beyond the date of such discovery should be cut off.

## SIXTH DEFENSE

Defendant denies any act or omission on Defendant's part is and/or was the proximate cause of the injuries and/or damages to Lewis and/or Peralta alleged in the Complaint.

## SEVENTH DEFENSE

Any emotional pain, suffering, loss of enjoyment of life, humiliation, or other non-pecuniary losses alleged in the Complaint to have been suffered by Lewis and/or Peralta are the result, in whole or in part, of other causes unrelated to Defendant.

## EIGHTH DEFENSE

Lewis and/or Peralta failed to meet her duty of properly mitigating any damages, by among other things, failing to take reasonable steps to secure and retain other suitable employment following the acts alleged in the Complaint.

## NINTH DEFENSE

Even if Plaintiff could establish that Lewis and/or Peralta were entitled to any relief requested in the Complaint - which Defendant denies - any such relief must be set off and/or reduced by wages, compensation, pay, commissions, benefits, and all other earnings

15

and remuneration, profits, and benefits, regardless of the form, received by Lewis and/or Peralta or which Lewis and/or Peralta could have received or earned with reasonable diligence.

### TENTH DEFENSE

Defendant, at all times material to this lawsuit, has made good faith efforts through adoption of anti-discrimination policies and education of personnel, to comply with employment discrimination laws. Accordingly, Defendant cannot be held liable for punitive damages as a result of any alleged discriminatory actions by managerial employees (the occurrence of which are expressly denied).

### ELEVENTH DEFENSE

Even if Plaintiff could establish that Lewis and/or Peralta were entitled to any award of compensatory or punitive damages, which Defendant denies, any award of such damages is limited by the amount authorized by 42 U.S.C. § 1981a.

### TWELFTH DEFENSE

Defendant acted in good faith without malice or reckless indifference to Lewis and/or Peralta's federally protected rights, and have not acted willfully, deliberately, intentionally, outrageously, or with extreme indifference to the rights of Lewis and/or Peralta and, thus, punitive damages are not recoverable.

### THIRTEENTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the doctrines of laches, unclean hands, waiver, estoppel, and/or after-acquired evidence.

### FOURTEENTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, by Lewis' and/or Peralta and/or Plaintiff's failure to exhaust all required administrative remedies and fulfill all conditions precedent to filing suit.

### FIFTEENTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, to the extent they rely upon alleged conduct that occurred outside of the statute of limitations.

### SIXTEENTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, because Lewis and/or Peralta failed to reasonably utilize preventative and corrective measures provided by Defendant or to otherwise avoid harm.

### SEVENTEENTH DEFENSE

To the extent Plaintiff complained of any allegedly unlawful harassment, discrimination, or retaliation, Defendant undertook a thorough investigation and took prompt, appropriate, and effective remedial action.

### EIGHTEENTH DEFENSE

If any improper, illegal, or discriminatory act was taken by any employee of Defendant against Lewis and/or Peralta, it was done outside the course and scope of that employee's employment, contrary to Defendant's policies, and was not ratified, confirmed, or approved by Defendant. Thus, any such actions cannot be attributed or imputed to Defendant.

### NINETEENTH DEFENSE

An award of punitive damages against Defendant may be limited or barred by the due process and equal protection provisions of the United States Constitution and Arizona Constitution

### TWENTIETH DEFENSE

Defendant reserves the right to add additional affirmative defenses, allegations, and/or denials, consistent with Rule 8 of the Federal Rules of Civil Procedure.

### **REQUEST FOR ATTORNEYS' FEES**

WHEREFORE, having fully answered the Complaint, Defendant requests that:

1. Plaintiff take nothing by this action and that judgment be entered against Plaintiff and in favor of Defendant;

2. Defendant be awarded its costs and attorneys' fees incurred in defending this action pursuant to A.R.S. § 12-349 and 42 U.S.C. § 2000e-5(k), and all other statutes and/or court rules allowing for such recovery;

17

3. Defendant be awarded pre- and post-judgment interest on the foregoing amount at the maximum rate permitted by law; and

4. The Court grant Defendant such further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 9th day of February 2021.

                         OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

                         By:   s/ L. Eric Dowell_____
                                L. Eric Dowell
                                Andrew B. Levin
                                Esplanade Center III, Suite 800
                                2415 East Camelback Road
                                Phoenix, AZ  85016
                                *Attorneys for Defendant LogistiCare Solutions, LLC*

45950396.1